UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-703-FDW
(3:07-cr-00005-FDW-1)

| NINA MARIE STRICKLAND, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1).

On January 28, 2008, Petitioner was convicted of robbery by threat or violence, in violation of 18 U.S.C. § 1951(b)(1) and (b)(3). Petitioner was sentenced to 180-months' imprisonment. (3:07-cr-00005, Doc. No. 15: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal.

Rather, on June 8, 2011, Petitioner filed a Motion under Section 2255 which was dismissed after the Court found that it was not timely and that Petitioner had failed to present sufficient grounds to support equitable tolling of the statute of limitations. See (3:11-cv-279-GCM, Doc. No. 4: Order). Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit, and the Order of dismissal was affirmed on November 18, 2011. United States v. Strickland, No. 11-7224 (4th Cir. filed Nov. 18, 2011).

On October 23, 2012, Petitioner returned to this Court seeking to again challenge her criminal judgment. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the statute provides that "[a] second or

successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that she has obtained the necessary authorization from the Fourth Circuit and the Court is therefore without jurisdiction to consider this second, successive, Section 2255 motion.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as successive. (3:12-cv-703, Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 14, 2012

Frank D. Whitney
United States District Judge